Jonathan Y. Kang, Esq., Bar No. 167119
Larry R. Schmadeka, Esq., Bar No. 160400
Jeffrey J. Lotspeich, Esq. Bar No. 209219
**LEE, HONG, DEGERMAN, KANG & SCHMADEKA**
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
Telephone: (213) 623-2221
Facsimile: (213) 623-2211
Email:  lschmadeka@lhlaw.com

Attorneys for Defendants
LG ELECTRONICS U.S.A., INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
LG ELECTRONICS MOBILE RESEARCH U.S.A., L.L.C.,
LG INNOTEK U.S.A., INC., LG ELECTRONICS INC.,
and LG INNOTEK CO., LTD.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FUJINON CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., LG INNOTEK U.S.A., INC., LG ELECTRONICS MOBILE RESEARCH U.S.A., L.L.C., LG ELECTRONICS INC., AND LG INNOTEK CO., LTD.,<br><br>Defendants. | Case No.:  06 CV 2699 LAB (BLM)<br><br>**ANSWER OF DEFENDANTS LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS MOBILE RESEARCH U.S.A., L.L.C., LG INNOTEK U.S.A., INC., LG ELECTRONICS, INC., AND LG INNOTEK CO., LTD.; DEMAND FOR JURY TRIAL**<br><br>[Filed concurrently with Notice of Party with Financial Interest] |

Defendants LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., LG Electronics Mobile Research U.S.A., L.L.C., LG Innotek U.S.A., Inc., LG Electronics, Inc. and LG Innotek Co., Ltd. (collectively referred to as "Defendants"), by and through their counsel, hereby respond to the allegations set forth in the Complaint for Patent Infringement of Plaintiff Fujinon Corporation ("Plaintiff") as follows:

**Parties**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and on that basis deny each and every allegation contained therein.

2. Defendants admit that LG Electronics U.S.A., Inc. ("LG Electronics U.S.A.") is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. Defendants also admit that LG Electronics U.S.A. is registered to do business in California. Defendants further admit that LG Electronics U.S.A. provides sales and marketing support for LG branded products but deny the allegations contained in the remainder of paragraph 2.

3. Defendants admit that LG Electronics MobileComm U.S.A., Inc. ("LG Electronics MobileComm U.S.A.") is a California corporation with its principal place of business at 10225 Willow Creek Road, San Diego, California 92131. Defendants also admit that LG Electronics MobileComm U.S.A. provides sales and marketing support for LG branded products but deny the allegations contained in the remainder of paragraph 3.

4. Defendants admit that LG Innotek U.S.A., Inc. ("LG Innotek U.S.A.") is a California corporation with its principal place of business at 10255 Willow Creek Road, San Diego, California 92131. Defendants deny the remaining allegations contained in paragraph 4.

5. Defendants admit that LG Electronics Mobile Research U.S.A., L.L.C. ("LG Electronics Mobile Research U.S.A.") is a California limited liability company with its principal place of business at 10255 Willow Creek Road, San Diego, California 92131. Defendants also admit that LG Electronics Mobile Research U.S.A. conducts research and development activities relating to mobile telephones but deny the remaining allegations contained in paragraph 5.

6. Defendants admit that LG Electronics Inc. is a Korean corporation with its principal place of place of business at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721. Defendants also admit that LG Electronics Korea manufactures and sales mobile phones but deny the remaining allegations contained in paragraph 6.

7. Defendants admit that LG Innotek Co., Ltd. is a Korean company with its principal place of business at LG Twin Towers, 33/34F, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-

721. Defendants further admit that LG Innotek Co., Ltd. supplies camera modules to other LG entities including lenses, an optical detector and other electronics but denies the remaining allegations contained in paragraph 7.

8.   Defendants admit that LG MobileComm U.S.A., LG Innotek U.S.A. and LG Electronics Mobile Research U.S.A. have their principal place of business within the Southern District of California but deny the remaining allegations contained in paragraph 8.

**Jurisdiction and Venue**

9.   Defendants admit that this action purports to present a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code.  Defendants also admit that this Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338 but deny all remaining allegations contained in paragraph 9.

10.   Defendants admit that persons in California purchase their products but deny all remaining allegations contained in paragraph 10.

11.   Defendants admit that LG MobileComm U.S.A., LG Innotek U.S.A. and LG Electronics Mobile Research U.S.A. have their principal place of business within the Southern District of California.  Defendants also admit that persons in California purchase their products but deny the remaining allegations contained in paragraph 11.

12.   Defendants admit that venue is proper under this judicial district and that LG MobileComm U.S.A., LG Innotek U.S.A. and LG Electronics Mobile Research U.S.A. have their principal place of business within the Southern District of California.  Defendants deny the remaining allegations contained in paragraph 12.

**Statement of the Claim**

13.   Defendants admit that the United States Letters Patent No. 6,842,295 ("the '295 patent"), issued on January 11, 2005, is entitled "Imaging Lens Formed of Aperture Diaphragm and Only Two lens Components" and that the face of the patent indicates that the inventor is Hiromitsu Yamakawa and the assignee of the patent is Fuji Photo Optical Co., Ltd.  Defendants deny that a copy of the '295 patent is attached to Plaintiff's Complaint as Exhibit A.  Defendants are without sufficient

1 knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 13, and on that basis deny each and every allegation contained therein.

14. Defendants admit that the United States Letters Patent No. 6,795,253 ("the '253 patent"), issued on September 21, 2004, is entitled "Imaging Lens" and that the face of the patent indicates that the inventor is Yoshikazu Shinohara and the assignee of the patent is Fuji Photo Optical Co., Ltd. Defendants deny that a copy of the '253 patent is attached to Plaintiff's Complaint as Exhibit B or that the '253 patent was issued on September 24, 2004. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 14, and on that basis deny each and every allegation contained therein.

15. Defendants admit that the United States Letters Patent No. 6,961,191 B2 ("the '191 patent"), issued on November 1, 2005, is entitled "Single Focus Lens" and that the face of the patent indicates that the inventor is Kenichi Sato and the assignee of the patent is Fujinon Corporation. Defendants deny that a copy of the '191 patent is attached to Plaintiff's Complaint as Exhibit C. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 15, and on that basis deny each and every allegation contained therein.

16. Defendants admit that the United States Letters Patent No. 6,650,485 ("the '485 patent"), issued on November 18, 2003, is entitled "Photographic Lens" and that the face of the patent indicates that the inventor is Yoshikazu Shinohara and the assignee of the patent is Fuji Photo Optical Co., Ltd. Defendants deny that a copy of the '485 patent is attached to Plaintiff's Complaint as Exhibit D. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16, and on that basis deny each and every allegation contained therein.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17, and on that basis deny each and every allegation contained therein.

1   18.   Defendants are without sufficient knowledge or information to form a belief as to the
2   truth of the allegations contained in paragraph 18, and on that basis deny each and every allegation
3   contained therein.
4   19.   Defendants are without sufficient knowledge or information to form a belief as to the
5   truth of the allegations contained in paragraph 19, and on that basis deny each and every allegation
6   contained therein.
7   20.   Denied.
8   21.   Denied.
9   22.   Denied.
10   23.   Denied.

## COUNT I

**(Direct Infringement of the '295, '253, '191, and '485 Patents)**

24.   Defendants repeat and re-allege each of their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

25.   Denied.
26.   Denied.
27.   Denied.

## COUNT II

**(Inducement to Infringe the '295, '253, '191 and '485 Patents)**

28.   Defendants repeat and re-allege each of their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

29.   Denied.
30.   Denied.
31.   Denied.

## COUNT III

**(Contributory Infringement of the '295, '253, '191 and '485 Patents)**

32.   Defendants repeat and re-allege each of their answers to the allegations contained in the foregoing paragraphs as though fully set forth herein.

33. Denied.

2. 34. Denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

1. Defendants do not and have not infringed any claims of the '295, '253, '191 and '485 Patents nor have they contributed to the infringement of or actively induced others to infringe the '295, '253, '191 and '485 Patents.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

2. The '295, '253, '191 and '485 Patents are invalid for failure to meet the requirements of the patent laws of the United States, including, but not limited to, at least one or more sections of 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

3. Discovery may demonstrate evidence that the '295, '253, '191 and '485 Patents are unenforceable by reason of Plaintiff and/or Plaintiff's assignor's inequitable conduct before the PTO.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. Discovery may demonstrate that Plaintiff is estopped from asserting or maintaining a construction of the '295, '253, '191 and '485 Patents, or any claims thereof, that would cover or read upon any device made, used, offered for sale, sold, or imported by Defendants because of, but not limited to, statements made by Plaintiff and/or Plaintiff's assignor's to the PTO during prosecution of the '295, '253, '191 and '485 Patents.

/ / /

/ / /

6

06CV2699

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches, Waiver, and/or Estoppel)**

5. Discovery may demonstrate evidence that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches, waiver, and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Provide Notice)**

6. Discovery may demonstrate evidence that, Plaintiff's Complaint for Patent Infringement is barred from recovering damages under the patent laws of the United States, including, but not limited to, 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

7. Discovery may demonstrate evidence that Plaintiff is precluded and barred from any recovery of damages or other relief by reason of Plaintiff's unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

8. Defendants allege Plaintiff's claims are barred because Plaintiff would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendants reserve the right to amend their answer to assert further affirmative defenses that are not presently known but may become known and available through further investigation and discovery.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER**

**WHEREFORE,** Defendants LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., LG Electronics Mobile Research U.S.A., L.L.C., LG Innotek U.S.A., Inc., LG Electronics, Inc. and LG Innotek Co., Ltd. respectfully pray as follows:

1. For judgment in favor of Defendants and against Plaintiff;

2. For dismissal of the Complaint with prejudice;

3. For costs of suit and reasonable attorneys' fees; and

For such other and further relief as the Court may deem just and proper.

Dated: May 18, 2007

LEE, HONG, DEGERMAN, KANG & SCHMADEKA

By:     s/Larry R. Schmadeka
    Jonathan Y. Kang
    Larry R. Schmadeka
    Jeffrey J. Lotspeich

Attorneys for Defendants LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., LG Electronics Mobile Research U.S.A., L.L.C., LG Innotek U.S.A., Inc., LG Electronics, Inc. and LG Innotek Co., Ltd.
Email: lschmadeka@lhlaw.com

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure and CivLR 38.1, Defendants LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., LG Electronics Mobile Research U.S.A., L.L.C., LG Innotek U.S.A., Inc., LG Electronics, Inc. and LG Innotek Co., Ltd. hereby demand a jury trial on all issues triable by a jury.

Dated: May 18, 2007

LEE, HONG, DEGERMAN, KANG & SCHMADEKA

By:   s/Larry R. Schmadeka
    Jonathan Y. Kang
    Larry R. Schmadeka
    Jeffrey J. Lotspeich

Attorneys for Defendants LG Electronics U.S.A., Inc., LG Electronics MobileComm U.S.A., Inc., LG Electronics Mobile Research U.S.A., L.L.C., LG Innotek U.S.A., Inc., LG Electronics, Inc. and LG Innotek Co., Ltd.
Email:  lschmadeka@lhlaw.com

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, Sharon Cunningham, declare as follows:

I am employed in the County of Los Angeles, State of California by the law firm of Lee, Hong, Degerman, Kang & Schmadeka (the "Firm"). I am over the age of 18 years and not a party to the within action. My business address is 801 South Figueroa, Suite 1200, Los Angeles, CA 90017. On **May 18, 2007**, I served on all interested parties the foregoing document described as:

**ANSWER OF DEFENDANTS LG ELECTRONICS U.S.A., INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS MOBILE RESEARCH U.S.A., L.L.C., LG INNOTEK U.S.A., INC., LG ELECTRONICS, INC., AND LG INNOTEK CO., LTD.; DEMAND FOR JURY TRIAL**

◄► **Service by Electronic Filing.** On May 18, 2007, a true and correct copy of the above-noted document was duly served through CM/EDF on:

| | |
|---|---|
| William H. Wright, Esq.<br>Robert J. Benson, Esq.<br>Hogan & Hartson LLP<br>1999 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067<br>Email: RJBenson@hhlaw.com | |

◄► **Service by Mail:** I am "readily familiar" with this firm's business practice for the collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day with postage thereon fully prepaid at Los Angeles, California. Each sealed envelope was placed for collection and mailing on that date following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. I placed true copies thereof contained in sealed postage-prepaid envelopes addressed as follows:

| | |
|---|---|
| John R. Inge, Esq.<br>Hogan & Hartson LLP<br>Shinjuku Center Building<br>46th Floor<br>25-1 Nishi-Shinjuku 1-Chome<br>Shinjuku-ku Tokyo<br>163-0646 Japan | Steven J. Routh, Esq.<br>Sten A. Jensen<br>Hogan & Hartson LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004 |

( ) **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.
(XX) **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on [May 18, 2007] at Los Angeles, California.

_____
Sharon Cunningham

06CV2699